WOODALL, Justice
(concurring in part and dissenting in part).
Insofar as the majority opinion affirms the trial court’s judgment, I concur. However, insofar as it reverses the judgment as a matter of law entered on Jacklyn McMahon and Donald McMahon’s wantonness claim, I respectfully dissent.
The majority “conclude[s] that there was substantial evidence introduced at trial from which the jury could have concluded that the Yamaha defendants had specific knowledge of the risk of arm and leg injuries posed by a rollover in the Yamaha Rhino and that they wantonly failed to address that risk in a timely manner.” 95 *776 So.3d at 773. The only evidence of any such known risk identified in the majority opinion is “a 2001 internal Yamaha e-mail ... identifying] the specific risk of arm/ wrist and leg/ankle injuries resulting from contact of those appendages with the ground and/or the vehicle as a result of the attempts of belted occupants to support themselves and/or the vehicle during rollovers.” 95 So.3d at 773 (emphasis added). Although not mentioned in the majority opinion, Jacklyn McMahon was not wearing her seat belt at the time of the accident, and the majority opinion reveals no evidence of specific knowledge on the part of the Yamaha defendants of any risk to unbelted occupants during rollovers similar to the risk identified in the e-mail. For that reason I dissent from that part of the majority opinion that reverses the judgment as a matter of law on the McMahons’ wantonness claim.
BOLIN, J., concurs.